UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE:

BASILICATA REALTY CORP.,

Chapter 11
Case No. 10-11887

Debtor.

-------------------------------------------------------X

**DEBTOR'S PLAN OF REORGANIZATION DATED MARCH 11, 2011**

Basilicata Realty Corp, a New York Corporation, the Debtor proposes the following Plan of Reorganization:

**ARTICLE 1—Summary of Plan**

This Plan of Reorganization provides for the continued operation of Basilicata Realty Corp. (hereinafter referred to as "Basilicata") under new management and ownership. Future expenses of the business operation will be reduced by reducing the number of employees, by reducing management compensation, and by reducing debt service expenses. Priority tax claims will be paid in full under the Plan. The secured claims of 121 City Island Funding Associates ("CIFA") and Daniel J. Donnelly will be partially paid out immediately and the secured claim of Fred Federico and Nancy Bisogno is disputed and will be not be paid inasmuch as it has been satisfied according to Basilicata Management and it should not have been recorded. Accordingly, Basilicata will seek a cram down of the secured debts in order to implement the Plan. The holders of the unsecured claims will receive no payments. Funds for the payment of the claims being paid will come from future operations of Basilicata's business and from a $650,000.00 capital contribution and share purchase of Basislicata from two additional

investors and business owners. A summary of the Plan is set forth in Basilicata's Disclosure Statement dated March 11, 2010

ARTICLE 2—DEFINITIONS

The following terms when used in the Plan shall have the following meanings:

**Administrative Claim.** An administrative expense (including a professional fee or expense) that is entitled to priority payment under 11 U.S.C. Sec 507(a)(1) and that is allowed under U.S.C. Sec 503.

**Allowed Claim.** The amount of a claim, a proof of which was filed within the time fixed by the Court or which was listed on the schedules filed by Basilicata (and was not listed as being disputed, contingent or unliquidated), to which no objection is filed or which is allowed by order of the Court.

**Court.** The United States Bankruptcy Court for the Southern District of New York.

**Debtor.** Basilicata Realty Corp., a New York Corporation.

**Effective date of Plan.** The date on which the order of the Court confirming the Plan becomes final, nonappealable, and not subject to stay.

**Estate.** The estate created under U.S.C. Sec 541 by reason of the commencement of this case.

**Impaired claim.** A claim of which the legal, equitable or contractual rights of the holder are altered by the Plan.

**Plan.** Basilicata's Plan of Reorganization Dated March 11, 2011 (i.e. this Plan of Reorganization).

**Term of Plan.** A period beginning on the effective date of the Plan and ending when all payments and other acts required of the Debtor under the Plan have been made.

ARTICLE 3—CLASSIFICATION OF CLAIMS

The claims to be dealt with under the Plan are classified as follows:

Class 1. The claim of CIFA, which is secured by the Property.

Class 2. The claim of Daniel J. Donnally, which is undersecured

Class 3. The claim of Fred Federico and Nancy Bisogno, which is disputed.

Class 4. The unsecured claims of Capital One.

Class 5. The tax claim of any governmental unit entitled to priority under 11 U.S.C. §507 (a)(8).

Class 6. All other nonpriority unsecured claims.

ARTICLE 4—CLASSES OF CLAIMS NOT IMPAIRED BY THE PLAN

The following classes are not impaired by the Plan: Class 5. All other classes are impaired by the Plan.

ARTICLE 5—TREATMENT OF UNIPAIRED CLAIMS

The holder of claim in Class 5 shall be paid the sum of $153.00 on the effective date of the Plan to cure all past due taxes to the Department of Finance of the City of New York. All other past due taxes shall be paid on the effective date of the Plan.

ARTICLE 6—TREATMENT OF IMPAIRED CLAIMS

The holder of the claim in Class 1 will receive the face value of the Note which is $600,000.00 in full satisfaction of the debt without interest, penalties, and other expenses. Said sum shall be paid on the Effective Date of the Plan.

The holder of the claim in Class 2 will receive $50,000.00, on the Effective Date of the Plan, which is half of the face value of the Note without interest, penalties, and other expenses.

The holder of the claim in Class 3 will receive no distribution inasmuch as this Note has been satisfied and is hereby disputed.

ARTICLE 7—TREATMENT OF ADMINISTRATIVE AND PRIORITY TAX CLAIMS

All allowable claims for costs and expenses of administration entitled to priority under 11 U.S.C. 507(a)(1), including fees and expenses of professionals, shall be paid in full upon approval of such claims by the Court. Each allowed tax claim of a governmental unit entitled to priority under 11 U.S.C. 507(a)(8) shall be paid in full upon the Effective Date of the Plan.

ARTICLE 8—TREATMENT OF INTERESTS

Basilicata's shareholders shall transfer all shareholder interests to PSI Global Inc., whose shareholders are Benito R. Fernandez and Jose Torres, both of whom have extensive experience in the catering and restaurant business. The share sale shall be contingent upon the Court's approval of an offer of $650,200.00 plus administrative and closing fees.

Basilicata shall continue to operate with new management and will continue to offer the use of the parking lot it owns to the patrons of Lido's Restaurant and Catering Hall with the understanding the PSI Global will be acquiring an ownership interest in those businesses as well, at market value.

ARTICLE 9—IMPLEMENTATION OF PLAN

Basilicata shall retain all of its property and shall operate its business during the period of the Plan. The funds for implementing the Plan shall be provided by Basilicata's business operations, supplemented by a $650,200.00 capital contribution to Basilicata on the effective date of the Plan by PSI Global, Inc. The contributed funds shall be used only for the purpose of operating the business and the payment of allowed claims in the manner provided for in the Plan.

ARTICLE 10—EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All executory contracts or unexpired leases of Basilicata not previously assumed or rejected under 11 U.S.C. §365 are hereby expressly rejected. Claims for damages resulting from such rejection shall be included in Class 6.

ARTICLE 11—RETENTION OF JURISDICTION

The Court shall retain jurisdiction over the parties and the subject matter of the Plan and all matters related thereto until the Plan has been fully consummated and the case closed, or until the case is dismissed or converted to another chapter. Specifically, the Court shall retain jurisdiction to interpret and enforce the provisions of the Plan, determine all disputes or controversies arising under the Plan, enter orders in aid of consummation of the Plan, and determine the allowance of claims or expenses against Basilicata or the Estate.

ARTICLE 12—DISCHARGE AND RELEASE

On the Effective Date of the Plan, Basilicata, Pietro Mellampe, the President of Basilicata, and all property of the Estate shall be discharged and released from liability for any and all claims, debts, liabilities, and encumbrances that arose before the date of the order confirming the Plan, except as otherwise expressly provided in the Plan.

## ARTICLE 13—MISCELLANEOUS PROVISIONS

**Charter Amendment.** Basilicata shall amend its charter so as to allow for the sale and transfer of the shares to PSI Global, Inc.

**Management.** Basilicata's business and property shall be managed during the period of the Plan by its present management.

**Property of Estate.** All property of the Estate not dealt with in the Plan shall be deemed the property of Basilicata upon the Effective Date of the Plan.

**Modification of Plan.** Basilicata may file and submit modifications of the Plan to the Court at any time prior to confirmation in the manner provided in U.S.C. §1127.

**Default.** If any payment provided for under the Plan is not made on the or before the date specified in the Plan, Basilicata shall have 45 days in which to make payment before being deemed in default.

Dated and respectfully submitted this 11th day of March, 2006.

Approved:

Approved:

Law Office of Cesar A. Fernandez P.C.        Basilicata Realty Corp.

By ___/s/ Cesar A. Fernandez_____         By ___/s/ Pietro Mellampe_____
    Cesar A. Fernandez (caf 8841)                  Pietro Mellampe,
    Attorneys for Debtor in Possession             President
    2298 First Avenue
    New York, New York 10035